[Civ. No. 11810. Second Appellate District, Division One.—July 19, 1938.]

LULU M. PLOTT et al., Appellants, v. C. H. YORK et al., Defendants; THE FOOTHILL SUPPLY COMPANY (a Corporation), Respondent.

H. C. Ellis and Joseph L. Fainer for Appellants.

Flanagan & Sampson for Respondent.

WHITE, J.—This is a motion by respondent for diminution of the record on appeal. The action is one for damages alleged to have been sustained by plaintiffs by reason of the alleged negligence of the defendant C. H. York while the latter was driving an automobile which figured in a collision with an automobile driven by the plaintiff Lulu M. Plott. It is further charged in the complaint that at the time of the accident in question defendant York was acting within the scope of his employment as the agent, servant and employee of defendant Foothill Supply Company.

The defendant Foothill Supply Company defaulted, while the defendant C. H. York appeared and answered the complaint. At the trial of the action as to York, and in which the defaulting defendant, Foothill Supply Company, did not appear, judgment was rendered in favor of defendant York and against the plaintiffs.

At a subsequent hearing the trial judge denied the motion of plaintiffs to enter final judgment for damages in their favor against the defaulting defendant upon the theory, as appears from the judgment contained in the clerk's transcript before us, that the responsibility of the defaulting defendant employer, Foothill Supply Company, being secondary, the verdict exonerating the defendant employee (York), whose alleged negligence was primary, necessarily exonerated the principal, since the verdict exonerating the agent is a declaration that the latter has done no wrong, and that the principal cannot be responsible for the agent if the latter has committed no tort. No appeal has been taken from the judgment in favor of defendant York, and this appeal is taken only from the last-named order of the trial court. It is predicated upon

the theory that the failure of the principal (Foothill Supply Company) to appear and answer, as well as the subsequent entry of its default, constituted an admission by it of all the material allegations of plaintiffs' complaint, and that they are entitled to recover notwithstanding the exoneration of the agent, York. In support of their contentions on appeal, the appellants have furnished us with complete judgment rolls relating to both defendants, as·well as the two and only instructions, one given and the other refused, at the trial, relating in any way to the defaulting defendant.

In its motion for diminution of the record, respondent asks for an order directing the filing in this court of the reporter's transcript in its entirety; all the instructions given and refused by the court at the trial as to defendant York; the reporter's transcript of the proceedings on plaintiffs'· motion for judgment against the Foothill Supply Company, a corporation, heard and argued in department 28 of the superior court on February 4, 1938, which hearing was had subsequent to the rendition of the verdict of the jury in favor of defendant York and against plaintiffs; and finally, written statements of fact and memoranda of points and authorities filed by counsel in support of and in opposition to the aforesaid motion.

The addition to the record of the documents referred to in respondent's motion for diminution would not aid in the determination of this appeal. The question before this court is purely one of law, and generally speaking it is to determine the effect of a judgment in favor of and exonerating an agent upon a principal whose default has been entered; or in other words, does such a judgment in favor of the agent, *ex proprio vigore,* relieve the defaulting principal of responsibility, and may such judgment be availed of by the defaulting principal for that purpose?

For the foregoing reasons respondent's motion for diminution of the record on appeal is denied.

York, J., and Doran, J., concurred.